

Honorable Christopher D. Jaime
United States Bankruptcy Judge

Entered on Docket
November 29, 2022

_____

WILLIAM A. VAN METER, TRUSTEE
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada 89513
Telephone: (775) 324-2500
c13ecf@nvbell.net

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

SANDY BAUCHS WILSON,

　　　　　　Debtor.

CASE NO. **BK-N 22-50403-NMC**

CHAPTER 13

**ORDER CONFIRMING CHAPTER 13 PLAN**

Hearing Date: October 27, 2022
Time: 3:00 p.m.

　　　The Debtor's Chapter 13 Plan and Motion to Value Collateral having been served on all parties in interest and the Court finding, after proper notice and an opportunity for hearing, that the Debtor's plan satisfies all of the requirements of 11 U.S.C. § 1325, all pending objections having been resolved, and for other good cause appearing;

　　　**IT IS ORDERED** that the Debtor's Chapter 13 Plan is confirmed.

　　　**IT IS ORDERED** that there being no objection to the Debtor's compliance with 11 U.S.C. § 521(a)(1) the Court finds that the Debtor has filed all information necessary to proceed with the administration of this Chapter 13 case.

　　　**IT IS FURTHER ORDERED** that except as otherwise provided for in this order or any other applicable order the Court values any collateral described in the Debtor's Chapter 13 Plan as estimated by the Debtor in the Plan and that

the interest rate proposed to provide the secured creditor with the present value of its claim satisfies 11 U.S.C. § 1325(a)(5)(B)(ii).

**IT IS FURTHER ORDERED** that the Debtor's proposed assumption of executory contracts and unexpired leases as set forth in the Debtor's Chapter 13 Plan are approved. All executory contracts and unexpired leases not provided for in the Debtor's Chapter 13 Plan are rejected.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee shall file and serve a Notice of Intent to Pay Claims on all parties in interest after the expiration of the time allowed to file proofs of claim. Objections to the Trustee's Notice of Intent to Pay Claims shall be filed, served, and set for hearing by the objecting party within thirty (30) days following service of the Trustee's Notice. In the absence of an objection to the Trustee's Notice of Intent to Pay Claims, the proposed distributions set forth in this document shall be final. Unless the Court orders otherwise after notice and hearing, the Trustee shall make no distributions to any claim filed after the time allowed for filing such claims as set forth in Fed. R. Bankr. P. 3002 and 3004 and the Debtor's Plan.

**IT IS FURTHER ORDERED** that to the extent distributions have not been made to the holder of an allowed claim, objections to the allowance and payment of any claim may be filed at any time before the Debtor is discharged.

**IT IS FURTHER ORDERED** that in the event all allowed claims are paid in full prior to the expiration of the Applicable Commitment Period, the Trustee may proceed with closing the case pursuant to applicable local rules without further notice and hearing, seeking a plan modification.

**IT IS FURTHER ORDERED** that the Debtor shall provide immediate written notice to the Clerk of the United States Bankruptcy Court and the Chapter 13 Trustee of any change of address.

**IT IS FURTHER ORDERED** that the debtor shall provide immediate written notice to the Trustee of any termination, reduction of, or other material change in the Debtor's assets, income and/or employment.

**IT IS FURTHER ORDERED** that in the event the Plan does not continue to satisfy all confirmation requirements when the allowed amount of all claims becomes known, the Debtor shall modify the confirmed plan to satisfy all confirmation requirements. Failure to modify the plan under these circumstances may> constitute cause for dismissal under 11 U.S.C. § 1307(c).

**IT IS FURTHER ORDERED** that to the extent the plan does not provide for arrears on a secured claim and a proof of claim or amended proof of claim is filed indicating that arrears on the claim exist, the Trustee shall make no distributions on the claimed arrears. The Debtor will pay the arrears claim directly, amend the plan to provide for the unanticipated arrears, or object to the claim.

**IT IS FURTHER ORDERED** that to the extent the plan provides that the Debtor will directly pay his or her ongoing mortgage payments, any Notice of Fees, Expenses, and Charges filed pursuant to Fed. R. Bankr. P. 3002.1(c) constitute the Debtor's obligation to maintain payments in accordance with 11 U.S.C. § 1322(b)(5) and shall be paid directly by the Debtor. Unless the court orders otherwise, the Trustee will administer only those prepetition arrears reflected in the secured creditor's proof of claim that are necessary to cure any prepetition default. In the event the Debtor objects to any postpetition fees and charges reflected in a notice filed pursuant to Rule 3002.1(c) the Debtor may file a Motion pursuant to Rule 3002.1(e) seeking a determination of the amount owed. In the event the Debtor wishes to provide for payment of any postpetition fees and charges reflected in a Rule 3002.1(c) by the Trustee the Debtor must file a Motion to Modify the confirmed plan pursuant to 11 U.S.C. § 1329.

**IT IS FURTHER ORDERED** that to the extent the Debtor's plan provides for the Trustee to pay the Debtor's ongoing mortgage payments, the Trustee is authorized to pay the ongoing mortgage payment based on the information provided in the creditor's proof of claim, a notice of claim transfer, a notice of payment change, or the information available at the time of confirmation as set forth in this Order. The Trustee is authorized to modify the ongoing mortgage payment based on a timely filed Notice of Payment Change filed pursuant to Fed. R. Bankr. P. 3002.1(b) without Notice or Order of Court. To preserve plan feasibility and/or to prevent a material reduction in the proposed distribution to holders of other allowed claims, the Debtor's proposed monthly plan payment may be increased as necessary without notice and hearing based on a material increase in the proposed conduit mortgage payments based on a Notice of Payment Change filed pursuant to Fed. R. Bankr. P. 3002.1(b) or an unopposed Notice of Fees, Expenses and Charges filed pursuant to Fed. R. Bankr. P. 3002.1(c). The Trustee may propose a plan payment increase by filing and serving a Notice of Increased Plan Payment. In the absence of any objection to the Trustee's proposed increased plan payment the proposed payment change shall be effective 30 days after the Notice is filed by the Chapter 13 Trustee.

**IT IS FURTHER ORDERED** the Plan provides for total attorney's fees of **$5,000.00**. Of this amount a total of **$5,000.00** is allowed, and **$537.00** has been paid prepetition. The balance of **$4,463.00** shall be paid by the Standing Chapter 13 Trustee from plan payments. Additional fees and costs, if any, may be approved after notice and hearing in accordance with 11 U.S.C. §§ 329, 330, Fed. R. Bankr. P. 2002, 2016, 2017, and L.R. 2016.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 102(1) and based on facts and circumstances of this case further notice and hearing is unnecessary and pursuant to 11 U.S.C. § 1323 the plan is amended as follows:

1. The liquidation value of the Debtor's bankruptcy estate is $0.00. The plan satisfies 11 U.S.C. § 1325(a)(4) because the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be distributed to holders of allowed unsecured claims if the bankruptcy estate were liquidated and distributed under Chapter 7.

2. Secured Creditor FreedomRoad Financial has filed proof of claim in the amount of $3,429.54 for a 2020 Royal Enfield Himalayan motorcycle. The secured debt is being paid by a third party, and the Debtor is surrendering their interest in the property that secures the claim. The Trustee shall make no distributions to the secured portion of the claim and to the extent the creditor determines that its secured claim is not fully satisfied from the liquidation of its collateral, it may amend its proof of claim as it deems appropriate. In the event that an amended claim is filed the creditor shall be paid pro rata with other general unsecured claims.

Prepared by:

CHAPTER 13 TRUSTEE

/S/ WILLIAM A. VAN METER
WILLIAM A. VAN METER, TRUSTEE

**Approved**/Disapproved by:

/S/ TRICIA M. DARBY
TRICIA M. DARBY, ESQ.
Attorney for Debtor

**SANDY BAUCHS WILSON**
**BK-N 22-50403-NMC**
**ORDER CONFIRMING CHAPTER 13 PLAN**
**Page** 3 **of** 4

ALTERNATIVE METHODS re: RULE 9021:

In accordance with L.R. 9021, the undersigned certifies:

_____     The court waived the requirements set forth in L.R. 9021(b)(1).

_____     No party appeared at the hearing or filed an objection to the motion.

\_\_X\_\_\_     I have delivered a copy of this proposed order to all attorneys who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document].

TRICIA M. DARBY, ESQ.                              \_\_X\_\_\_   Approved  \_\_\_\_\_ Disapproved  \_\_\_\_\_Failed to Respond

\_\_X\_\_\_     I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

**Dated:**  November 17, 2022

/S/ Candice Walker
Candice Walker
Assistant to William A. Van Meter, Trustee
P.O. Box 6630
Reno, NV  89509

###